### MERCURY INS. CO. v. DOCKUM et ux.

No. 10086.

Court of Civil Appeals of Texas.
San Antonio.

June 23, 1937.

Rehearing Denied July 21, 1937.

Kelley, Looney & Norvell, of Edinburg, for appellant.

W. Sales Lewis, of Mission, Harley E. Jackson, of McAllen, and L. L. Gragg, of Edinburg, for appellees.

MURRAY, Justice.

Appellees, C. B. Dockum and wife, Annie A. Dockum, instituted this suit against appellant, Mercury Insurance Company, seeking to recover on an oral contract of windstorm, tornado, and hurricane insurance on their dwelling in McAllen, in the amount of $1,000.

The record discloses that Mrs. E. Adams was a bookkeeper and solicitor in the McAllen insurance office operated by J. M. Gatling. On the 29th day of August, 1933, the Dockums applied to Mrs. Adams for windstorm, tornado, and hurricane insurance; and on August 30, 1933, Mrs. Adams "pulled" or took out policy No. ST1544 of the Mercury Insurance Company and attached a memorandum to the same, placing it in a basket to be filled out later. On the 5th and 6th days of September, 1933, appellees' dwelling house was damaged by a windstorm, hurricane, or tornado, as a result of which they sustained damages.

The policy was never, in fact, completed, nor was the premium of $5 paid. However, appellees tendered the sum of $5 into court.

The case was tried to the judge, without the intervention of a jury, and resulted in a recovery for appellees in the sum of $200, together with 6 per cent. interest from December 6, 1933. The Insurance Company has appealed.

There is no competent testimony in the record which would support a finding that Mrs. E. Adams was ever actually or apparently the agent of the Insurance Company. The appellees do not claim to have dealt with any one else, and therefore the judgment against the Insurance Company cannot be sustained. The testimony at most shows that Mrs. Adams was a clerk and bookkeeper in the insurance office, and was not authorized to issue policies of insurance which would bind the company; the most that she could do would be to take applications for insurance and submit them to her employer. It is not contended that Mr. Gatling, the manager of the Insurance Company, or a lawful agent, ever accepted this risk, and therefore the company is not bound.

Accordingly, the judgment of the trial court will be reversed and judgment here rendered that appellees take nothing and pay all costs.